IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VINETTA PARKER, | |
| Appellant, | CIVIL ACTION NO.: 4:25-cv-176 |
| v. | |
| PAUL A. SCHOFIELD, Chapter 7 Trustee; and GUY VAN BAALEN, Acting United States Trustee for Region 21, | |
| Appellees. | |

**O R D E R**

Before the Court is Trustee Paul A. Schofield's ("Appellee") Motion to Dismiss. (Doc. 7.) Appellee argues that dismissal is warranted due to both a lack of subject matter jurisdiction and Appellant's failure to prosecute. (See id.) For the reasons articulated below, the Court concludes that it lacks subject matter jurisdiction over this appeal and therefore **GRANTS** Appellee's Motion to Dismiss. (Id.)

**BACKGROUND**

Appellant Vinetta Parker filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 31, 2025. (Doc. 4-1, p. 7.) At that time, Appellant owned real property located in Chatham County, Georgia (the "Property"). Appellant also was entitled to a 2024 federal tax refund in the amount of $14,533 (the "Tax Refund"). (Id. at pp. 130–31.) On May 12, 2025, Appellee filed a motion in the Bankruptcy Court for turnover of both the Property and the Tax Refund. (Id. at p. 130.) The Bankruptcy Court entered an order (the "Turnover Order") granting the motion for turnover on June 26, 2025, in which Appellant was ordered to turn over possession

of the Property to Appellee within twenty-eight days and to immediately turn over the Tax Refund. (Id. at pp. 202–03.)

On July 25, 2025, Appellant filed a Motion to Extend Time to File Appeal on the Turnover Order, twenty-nine days after the order was entered.  (Doc. 1-1, p. 7.)  Also on that same day, she filed a Notice of Appeal of the Turnover Order despite the Bankruptcy Court not having extended the deadline to appeal.  (Id.)  The Bankruptcy Court later denied Appellant's Motion to Extend Time to File Appeal.  (See doc. 4-1, pp. 293–303.)  The Court noted that Appellant's Notice of Appeal was procedurally improper as Appellant "should have waited for the Court's ruling on her motion to extend time before filing her notice of appeal." (Id. at p. 299.)  Appellee argues that this Court lacks jurisdiction because Appellant's Notice of Appeal was untimely under Federal Rule of Bankruptcy Procedure 8002(a)(1).  (Doc. 7, p. 4.)

## DISCUSSION

The Eleventh Circuit Court of Appeals has clarified that "timely filing of a notice of appeal [under Federal Rule of Bankruptcy Procedure 8002] is mandatory and jurisdictional.  If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Williams v. EMC Mortg. Corp. (In re Williams), 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323 (11th Cir. 1996)).  While Appellant is proceeding *pro se* and the Court liberally construes the pleadings of *pro se* litigants, "it does not excuse them from their duty to abide by procedural rules." See In re Strickland & Davis Int'l, Inc., 612 F App'x 971, 975 (11th Cir. 2015) (citation omitted).  The Court lacks authority to consider a notice of appeal that fails to comply with the requirements of Federal Rule of Bankruptcy Procedure 8002, even where the appellant is proceeding *pro se*.  See id.

Under Federal Rule of Bankruptcy Procedure 8002(a), a party seeking to appeal an order of the Bankruptcy Court must file a notice of appeal within fourteen days of the entry of the order. Per Federal Rule of Bankruptcy Procedure 8002(d)(1), this fourteen-day window can be extended by filing a motion to extend either within the fourteen-day filing window or within twenty-one days after expiration of that filing window upon a showing of excusable neglect.

There is no question that Appellant's Notice of Appeal was untimely here. Appellant did not file her Notice of Appeal within the fourteen-day window as required by Federal Rule of Bankruptcy Procedure 8002(a)(1), and she instead filed it nearly a month after entry of the Turnover Order. (Doc. 1-1, p. 7.) While Appellant did timely move to extend the time to file the Notice of Appeal pursuant to Rule 8002(d)(1)(B), that motion was denied by the Bankruptcy Court, (doc. 4-1, pp. 293–303). Because Appellant did not timely file her Notice of Appeal and failed to obtain an extension from the Bankruptcy Court, this Court lacks jurisdiction over this Appeal and must dismiss.

## CONCLUSION

In light of the forgoing, the Court **GRANTS** Appellee's Motion to Dismiss. (Doc. 7.) The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 1st day of December, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA